CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 20 2015

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

RONALD W. JONES, II, )
    Plaintiff, ) Civil Action No. 7:14CV00273
)
v. ) **MEMORANDUM OPINION**
)
CAROLYN W. COLVIN, Acting )
Commissioner of Social Security, ) By:  Hon. Glen E. Conrad
)       Chief United States District Judge
    Defendant. )

    The plaintiff, Ronald W. Jones, II, has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's entitlement to supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. § 1381 et seq. Jurisdiction of this court is established pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3).

    By order entered June 26, 2014, the court referred this case to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge has now submitted a report in which he recommends that the Commissioner's final decision denying plaintiff's entitlement to supplemental security income benefits be affirmed. Plaintiff has filed objections to the magistrate judge's report.

    Mr. Jones was born on November 18, 1991. Plaintiff completed high school in a special education program. On May 18, 1994, an application for child's supplemental security income benefits was filed on Mr. Jones' behalf. The application alleged that plaintiff had been disabled within the meaning of the Act since May 6, 1992, due to a variety of problems, including recurring ear infections, defective speech, allergies, bronchitis, asthma, and chronic respiratory infections. It was eventually determined that Mr. Jones was disabled at the time of the application for benefits due to attention deficit hyperactivity disorder. (TR 85). However, when Mr. Jones reached the age of

18, his eligibility for benefits was redetermined by the Social Security Administration pursuant to the provisions of 42 U.S.C. § 1382c(a)(3)(H). As required under this statutory provision, the Commissioner undertook to reassess plaintiff's eligibility for supplemental security income benefits under the adult criteria for such benefits established under 20 C.F.R. § 416.920. Plaintiff's continuing eligibility was denied at both the initial consideration and reconsideration levels. Mr. Jones then sought and received a de novo hearing and review before an Administrative Law Judge.

In an opinion dated September 16, 2013, Administrative Law Judge also determined that plaintiff was no longer entitled to supplemental security income benefits. The Law Judge found that plaintiff's disability ended on March 1, 2011, and that he remained capable of performing substantial gainful activity through the date of the administrative decision. The Law Judge ruled that, as of March 1, 2011, Mr. Jones suffered from several severe impairments, including fainting/black out episodes, anxiety disorder, post-traumatic stress disorder, and attention-deficit hyperactivity disorder. Despite this combination of impairments, the Law Judge held that Mr. Jones now possesses the capacity to perform a limited range of light work activity. The Law Judge assessed plaintiff's residual functional capacity as follows:

> After careful consideration of the entire record, I find that since March 1, 2011, the claimant has had the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except he can lift and/or carry 50 pounds occasionally and 20 pounds frequently. He can sit, stand, and walk for six hours in an eight-hour workday. He can occasionally balance and frequently stoop, kneel, crouch, and crawl, but never climb. He requires one hour of rest in an eight-hour workday. He should avoid driving and hazards such as moving machinery and unprotected heights. He will likely be absent from work one day per month. He is able to fulfill the basic mental demands of competitive, remunerative, unskilled work including the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting. He should avoid contact with the general public.

(TR 16).

Given such a residual functional capacity, and after considering plaintiff's age and education, as well as testimony from a vocational expert, the Law Judge concluded that Mr. Jones is now capable of performing several specific light work roles existing in significant number in the national economy. (TR 22). The Law Judge ruled that plaintiff possessed the capacity to do light work as of March 1, 2011. (TR 22). Accordingly, the Law Judge ultimately concluded that plaintiff's earlier disability ended on March 1, 2011, and that he has not become disabled again since that date. (TR 22). See 20 C.F.R. §§ 416.987(e) and 416.920(g). The Law Judge's opinion was eventually adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mr. Jones has appealed to this court.

As previously noted, the court referred this case to a magistrate judge for a report setting forth findings of fact, conclusions of law, and recommended disposition. The magistrate judge filed a report on July 2, 2015. The magistrate judge recommended that the court affirm the final decision of the Commissioner denying plaintiff's eligibility for continuing benefits. Based on the arguments adduced by Mr. Jones' attorney, the magistrate judge recognized that the primary issue in this case turns on the proper assessment of plaintiff's "mental limitations." The magistrate judge ultimately concluded that the Administrative Law Judge's findings as to the extent of plaintiff's nonexertional limitations are supported by the evidence, and that the Administrative Law Judge propounded a comprehensive hypothetical question to a vocational expert, which included all of the work-related limitations reasonably supported by the medical record. The magistrate judge determined that the

3

Law Judge properly relied on the vocational expert's testimony in finding residual functional capacity for specific light work roles existing in significant number in the national economy.

In objecting to the magistrate judge's recommendation, plaintiff has again focused on his nonexertional limitations.[1] Mr. Jones correctly notes that, in formulating hypothetical questions for the vocational expert, the Law Judge relied in substantial measure on the findings in a consultative psychological report completed by Dr. Marvin A. Gardner, Jr., on April 13, 2013. Plaintiff argues that Dr. Gardner found moderate impairments in concentration, persistence, and pace, and that the Law Judge failed to explicitly include moderate impairments in concentration, persistence, and pace in the hypothetical question put to the vocational expert. Citing the recent decision of the United States Court of Appeals for the Fourth Circuit in Mascio v. Colvin, 780 F.3d 632, 638 (4th Cir. 2015), plaintiff asserts that the Law Judge improperly subsumed such moderate, work-related impairments under a more general finding of capacity for simple and unskilled work. Accordingly, Mr. Jones argues that this case should properly be remanded to the Commissioner so that a more comprehensive hypothetical question, with explicit findings as to work-related mental limitations, can be put to a qualified vocational expert.

The court reviews, de novo, the magistrate judge's report and recommendation. See 28 U.S.C. § 636(b)(1). The court's review of the Commissioner's final decision is limited to a determination as to whether there is "substantial evidence" to support the Commissioner's conclusion that plaintiff does not meet the requirements for continuing entitlement to supplemental security income benefits. If such substantial evidence exists, the final decision of the Commissioner

---

[1] Mr. Jones also experiences certain physical problems which prevent performance of more than light levels of exertion.

4

must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

As set forth above, in objecting to the magistrate judge's report, plaintiff primarily focuses on the hypothetical question put to the vocational expert, and the omission of any explicit mention of moderate impairments in concentration, persistence, and pace. The court believes that, in a memorandum in support of this objection, plaintiff correctly states the rule established by the United States Court of Appeals for the Fourth Circuit in Mascio v. Colvin, supra. The court remains convinced that a limitation in a hypothetical question to simple, unskilled work does not necessarily imply, or take into account, moderate limitations in concentration, persistence, or pace. See Sexton v. Colvin, 21 F.Supp.2d 639 (W.D.Va. 2014). This court has found it necessary to remand social security cases to the Commissioner on several occasions in which the Administrative Law Judge attempted to group such work-related mental and emotional impairments under a general restriction in a hypothetical question to simple, unskilled work.

The difficulty with plaintiff's argument in the instant case is that Dr. Gardner specifically found that Mr. Jones would be capable of performing simple and repetitive tasks, despite the moderate impairments in concentration, persistence, and pace. Moreover, it appears that in formulating a hypothetical question for the vocational expert, the Administrative Law Judge asked the expert to consider all of the limitations identified by the psychologist in his consultative report. In such circumstances, the court must agree that the final decision of the Commissioner is supported by substantial evidence.

5

Dr. Gardner examined Mr. Jones on April 10, 2013. Based on his review of plaintiff's medical records, and his own clinical examination, Dr. Gardner offered the following overall assessment:

> The claimant is able to perform simple and repetitive tasks and maintain regular attendance in the workplace. This mental source statement makes no reference to the impact of any physical conditions that the claimant may have with regard to his ability to work. He was able to complete serial 8s within a normal timeframe with 1 error. He should have no more than a moderate work-related impairment of concentration, persistence or pace when attempting [] simple and repetitive tasks. He was unable to complete serial 7s. He made multiple errors in his attempt to do so. He is likely to have a marked impairment in his ability to maintain concentration, persistence or pace when attempting complex work tasks. His intellect has been measured in the borderline level by previous testing. There is no reason that this young man would require special or additional supervision as his intellect is measured in the borderline range. He is not retarded. This young man reports having 5 panic attacks per week which take place at home when he is asked to do things that he would rather not attempt. He is presently not medicated for his panic attacks. He has a social anxiety disorder for which he is not receiving either medical or psychotherapeutic treatment. He has not received work testing or work training by the Department of Rehabilitative Services to the best knowledge of this examiner. Such training and testing to help this young man develop in the proper work direction would be recommended. The claimant is likely to have brief panic attacks several times each week in a competitive work setting, however, these attacks should graduated [sic] diminish as he becomes adjusted to simple and repetitive work procedures. He was capable of accepting all instructions given by this examiner and responding appropriately. Due to his social anxiety disorder, the claimant should not work with the general public. He should have minimal contact with supervisors and coworkers but with some experience, should be able to adjust to moderate contact with both supervisors and coworkers with appropriate mental health treatment for his anxiety disorders. He is capable of dealing with the usual stresses encountered in competitive work.

(TR 683). The court reads Dr. Gardner's report to indicate that plaintiff is capable of performing simple and repetitive tasks, and maintaining regular attendance in the workplace, despite moderate impairments in concentration, persistence, and pace. Indeed, the psychologist concluded that plaintiff "is capable of dealing with the usual stresses encountered in competitive work." (TR 683).

6

Thus, unlike in many other similar situations recently encountered by the court, the Administrative Law Judge in the instant case did not undertake to extrapolate specific work-related mental limitations by making a general finding of residual functional capacity for simple and unskilled work. The extrapolation in this case was made by the examining psychologist.

More importantly, it is abundantly clear that, in Mr. Jones' case, the Administrative Law Judge did not attempt to restrict the vocational expert's consideration of the specific limitations identified by the consultative psychologist. At the administrative hearing in this case on July 29, 2013, the Law Judge posed the following hypothetical question to the vocational expert:

[ALJ]: I was just going on GRID. I'm sorry. All right. So, he has no past relevant work. I want to give you a series of assessments, and on all – excuse me – hypotheticals, and on all of them, I want you to assume we have a 21-year-old individual who has a twelfth degree education but it was primarily in Special Ed. I want you to assume that he can at least read and write at the sixth grade level, and I want you to assume he has no significant work activity. For the first hypothetical, I want you to assume the, the following, and I'm referring primarily to the report of Dr. Humphries. Dr. Humphries advises this, and I'm adopting this, but I will spell it out: that the individual can, can frequently lift up to 20 pounds, occasionally up to 50, and carry the same weights. I want you to assume that he can sit for two hours out of an eight-hour day -- no, no. Sit for two hours at a time and a total of two hours at a time; sit for two hours at a time, stand and walk for two hours at a time.

[VE]: Okay.

[ALJ]: Okay? I want you to assume that, out of an eight-hours day, he can sit for six hours. I want you to assume that he can stand and walk for a, a, a combination of six hours in an eight-hour day. I want you to assume that he has no manipulative restrictions and no problems, or no significant problems in stooping, kneeling, crouching, or crawling. He can do that frequently. I'm going to hand this back to you so that you can take a look at it when you are reviewing your notes. <u>I want you to assume, from a psychological standpoint, that the report of Dr. Gardner is pretty much an</u>

7

> <u>accurate reflection, and that's 14F</u>. And Dr. Gardner has given primarily moderate restrictions in understanding and remembering simple instructions, carry out simple instructions, on the ability to make judgments on simple work related decisions. I want you to – he also says that the claimant has marked restrictions in understanding and remembering complex instructions or carrying out complex instructions and the ability to make judgments on complex work decisions. He's also has a marked restriction in the ability to interact with the public, but a moderate in interacting with supervisors, coworkers, and, and responding appropriately to usual work situations and changes in routine work setting. I want you to interpret this as the ability to do unskilled work, but he would not be able to do those jobs with the public. Okay? Do you understand hypothetical number one? (Emphasis added).

[VE]: Yes, sir.

(TR 787-89). In response, the vocational expert identified several light work roles in which Mr. Jones could be expected to perform.

Without question, the Law Judge referenced Dr. Gardner's report, and asked the vocational expert to consider all the information included therein. While the Law Judge did not specifically mention moderate limitations in concentration, persistence, and pace, the vocational expert was not restricted in any way in her reading of Dr. Gardner's report. Inasmuch as Dr. Gardner ultimately concluded that Mr. Jones retains the capacity to perform unskilled work not involving contact with the public, and given that the vocational expert was asked to consider this restriction as well as other limitations identified by the psychologist, the court believes that the hypothetical question referenced all of the work-related impairments reasonably documented in the medical record. It follows that the Law Judge properly relied on the vocational expert's testimony in finding that Mr. Jones retains sufficient functional capacity to perform several specific light work roles existing in the national economy. In short, given the particular circumstances of this case, the court concludes that the Law

8

Judge properly utilized the vocational expert's testimony. See Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989).

In his objections, Mr. Jones also argues that the Law Judge failed to include in the hypothetical question Dr. Gardner's impressions as to plaintiff's capacity to perform activities involving exposure to supervisors and co-workers. For the same reason cited above, this argument also fails. The Law Judge did not restrict the vocational expert's use or consideration of Dr. Gardner's report. In the hypothetical question, the Law Judge specifically identified moderate restriction in interacting with supervisors and co-workers. Once again, the court believes that the Law Judge's hypothetical question was consistent with Dr. Gardner's report, and included by reference all limitations identified by the psychologist.

Finally, plaintiff contends that the Administrative Law Judge failed to properly consider and credit plaintiff's testimony at the administrative hearing. Specifically, plaintiff maintains that the Law Judge overlooked testimony concerning limitations in activities of daily living and plaintiff's inability to function on a consistent basis. However, the court agrees that plaintiff's testimony is not consistent with the findings of Dr. Gardner, who performed the consultative psychological evaluation, and Dr. William Humphries, who performed a consultative physical evaluation. The court believes that the two consultative reports are consistent with the Law Judge's finding that Mr. Jones remains capable of performing a limited range of light work activity.

It is well settled that, in order for pain or other subjective manifestations to be disabling, there must be objective medical findings establishing the existence of some condition that could reasonably be expected to produce such disabling symptomatology. Craig v. Chater, 76 F.3d 585, 592-93 (4th Cir. 1996). In the instant case, the court believes that the medical evidence reflects that Mr. Jones' overall condition has improved as he has matured. The court agrees that certain of the

critical portions of plaintiff's testimony are not fully consistent with the consultative reports credited by the Law Judge.

After a <u>de novo</u> review of the record, the court is constrained to conclude that the final decision of the Commissioner is supported by substantial evidence. Accordingly, plaintiff's objections to the magistrate judge's report are OVERRULED, the magistrate judge's recommendation will be ADOPTED, and the final decision of the Commissioner will be AFFIRMED. <u>See</u> <u>Laws v. Celebrezze</u>, <u>supra</u>. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

ENTER this 20th day of August, 2015.

_____
Chief United States District Judge